UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DIANNE R. JOAQUIN,** § <br> **BOP No. 87604-280,** § <br> § <br>     Movant, § <br> § <br> **V.** § <br> § <br> **UNITED STATES OF AMERICA**, § <br> § <br>     Respondent. § | CAUSE NO. SA-11-CR-1030(1)-XR |

## ORDER

The matters before the Court are (1) is movant's motion for reduction of sentence pursuant to 18 U.S.C. Section 3582(c)(1)(A), filed September 23, 2015 (ECF no. 111), (2) the government's response in opposition, filed September 28, 2015 (ECF no. 112), and (3) movant's reply, filed October 5, 2015 (ECF no. 113), which purports to seek relief pursuant to 18 U.S.C. Sections 3621(b) and 3624(c).

Section 3582(c) Motion

Movant's request for transfer to her home so she can care for her ill husband is not accompanied by a request from the Director of the Bureau of Prisons, as required by Section 3582(c)(1)(A). This Court is, therefore, without jurisdiction to grant movant the relief she has requested. *See United States v. Ibarra-Alcarez*, 588 F. App'x 345, 346 (5th Cir. Dec. 18, 2014):

> The sentence imposed upon a judgment of conviction is generally final and may be modified in only a limited number of circumstances such as (1) *where the director of the BOP moves*, as outlined in § 3582(c)(1)(A), for a sentence reduction based upon "extraordinary and compelling reasons" and indicates that a reduction is consistent with the 18 U.S.C. § 3553(a) sentencing factors; (2) where, as outlined in § 3582(c)(2), a defendant was sentenced based upon a sentencing range that has subsequently been lowered by the Sentencing Commission; (3) where permitted by the provisions of Federal Rule of Criminal Procedure 35 and 18 U.S.C. § 3742; and

(4) if the sentence is outside of the guideline range, where permitted by the provisions of § 3742. *See* § 3582(b); *United States v. Bridges,* 116 F.3d 1110, 1112 (5th Cir.1997) (noting that a district court's jurisdiction to correct or modify a final sentence is limited to those specific circumstances enumerated in § 3582(b)). None of the arguments raised in Ibarra–Alcarez's motion fell within any of these limited circumstances; therefore, the district court did not have jurisdiction to correct or modify his sentence. *See Bridges,* 116 F.3d at 1112. (*Emphasis added*).

Sections 3621(b) and 3624(c)

Section 3621(b) provides in pertinent part that "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau [of Prisons] under this section to determine or change the place of imprisonment of that person." Section 3624(c) provides generally that the Director of the Bureau shall, to the extent practicable, ensure a prisoner spends a portion of the final months of his or her term of imprisonment under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for reentry into the community. Neither of these statutory provisions grants to this Court the authority implicit in movant's request for her "emergency release." *See Gallegos v. United States*, 688 F.3d 190, 195 (5th Cir.) (holding neither Section 3624(c) nor Section 3621 confers a constitutionally protected liberty interest upon federal prisoners), *cert. denied*, 133 S. Ct. 561 (2012).

The fundamental problem with movant's request is this Court does not exercise supervisory authority over the Bureau of Prisons. After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence pursuant to 18 U.S.C. §3621(a). *United States v. Wilson*, 503 U.S. 329, 335 (1992). Movant cites no authority granting this Court the power to supervise the BOP's administration of movant's sentence in the manner movant proposes and this Court has been unable to locate any such authority. A federal

inmate who is dissatisfied with the manner in which his or her sentence is being administered by the BOP, may seek relief through the administrative procedures available within the BOP. If, after exhausting administrative remedies, the offender remains dissatisfied with the manner in which his or her sentence is being administered, the offender may file an action seeking federal habeas corpus relief under 28 U.S.C. Section 2241 in the location where the offender is "in custody." *See Moreland v. Federal Bureau of Prisons*, 431 F.3d 180, 183 (5th Cir. 2005) (holding petitioner properly brought claim for credit for time served in a Section 2241 habeas corpus action filed in the location where petitioner was "in custody," against responsible Bureau of Prisons officials), *cert. denied*, 547 U.S. 1106 (2006); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 585 (5th Cir. 1988) (holding a claim for credit for time served may be brought only in a petition for habeas corpus relief under 28 U.S.C. Section 2241). Movant is currently incarcerated in Fort Worth, Texas, outside the geographic boundaries of this Court.

Accordingly, it is hereby **ORDERED** that movant's motion for reduction in her sentence pursuant to Sections 3582(c)(1)(A), Section 3621(b), and Section 3624(c), filed September 23, 2015 (ECF no. 111), is in all respects **DENIED**.

SIGNED this 14th day of October, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE